Appellee=s Motion for Rehearing is Overruled; Opinion of December 20,
2007, Withdrawn; Reversed and Remanded and Substitute Opinion filed April 24,
2008








 

Appellee=s Motion for Rehearing is Overruled; Opinion of
December 20, 2007, Withdrawn; Reversed and Remanded and Substitute Opinion
filed April 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00477-CV

____________

 

SUZANNE ELISABETH HAAKSMAN (as
beneficiary of Robert Duncan Burn Quinn) and THOMAS JOSEPH MCCARTNEY, Appellants

 

V.

 

DIAMOND OFFSHORE (BERMUDA), LTD., Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No.
04-00307

 



 

S U B S T I T U T E  O P I N I O N

Appellee, Diamond Offshore (Bermuda)=s Motion for
Rehearing is overruled, our opinion of December 20, 2007, is withdrawn, and the
following substitute opinion is issued in its place.  








This appeal presents the novel question of whether or not a
trial court presented with a foreign-money judgment must establish in personam
jurisdiction over the judgment debtor prior to domesticating the judgment.

Appellants, Suzanne
Elisabeth Haaksman (as beneficiary
of Robert Duncan Burn Quinn (AQuinn@)) and Thomas
Joseph McCartney (AMcCartney@), appeal from the
trial court's order granting a special appearance in favor of appellee, Diamond
Offshore (Bermuda), Ltd. (ADiamond Bermuda@).  We reverse and
remand.          

FACTUAL AND PROCEDURAL BACKGROUND

          Diamond
Bermuda is a Bermuda limited liability company with its principal place of
business in Bermuda.  Diamond Bermuda is an organization which employs offshore
drilling workers.  Diamond Bermuda's employees work on drilling rigs located
primarily in the North Sea.   Quinn and McCartney are nationals of The
Netherlands and former employees of Diamond Bermuda.  In 1998, Quinn and
McCartney entered into written employment contracts with Diamond Bermuda,
whereby both men agreed to work aboard a gas drilling platform in the North
Sea.  Under the terms of the employment contracts, Diamond Bermuda had the
right to assign Quinn and McCartney to work on any of its offshore drilling
platforms or land facilities located outside of their home country.  When
Diamond Bermuda notified Quinn and McCartney of their pending transfer to
another location, both men refused to accept the transfer, and Diamond Bermuda
terminated their contracts.  Quinn and McCartney filed suit in The Netherlands,
alleging Diamond Bermuda violated Dutch employment laws.  On May 8, 2002, a
Dutch court entered two civil judgments (Athe Dutch
judgments@) against Diamond Bermuda[1] in favor of Quinn and McCartney.








On January 7, 2004, Quinn and McCartney filed duly
authenticated copies of their foreign-country judgments in the trial court
pursuant to Chapter 36 of the Texas Civil Practice and Remedies Code.[2] 
See Tex. Civ. Prac. & Rem. Code Ann. '' 36.001B.008 (Vernon 1997)
(Enforcement of Judgments of Other Countries). Diamond Bermuda subsequently
filed a Special Appearance arguing the trial court lacked jurisdiction. 
Diamond Bermuda also filed, subject to the Special Appearance, a Motion for
Nonrecognition as provided by the Uniform Act.  See id. ' 36.0044.  In
response, Quinn and McCartney argued Diamond Bermuda had continuous and
systematic contacts with Texas and, therefore, was subject to general
jurisdiction in a Texas court. Quinn and McCartney further argued, pursuant to
the alter ego and single business enterprise theories, the Texas contacts of
Diamond Offshore Drilling, Inc. (ADOD@) and Diamond
Offshore Management Company (ADOMC@) should be
imputed to Diamond Bermuda for the purpose of establishing general jurisdiction
in Texas.  On May 3, 2006, the trial court signed an order granting Diamond
Bermuda's Special Appearance. The trial court did not rule on Diamond Bermuda's
Motion for Nonrecognition.  Haaksman[3] and McCartney (Aappellants@) filed this
appeal.      



DISCUSSION

          Appellants
assert three issues on appeal.  We construe all three issues as challenges to
the propriety of the trial court's order granting the Special Appearance in
favor of appellee. See Tex. R. App. P. 38.1(e).  Accordingly, we will
address all three issues together.  In its response, appellee essentially
argues the trial court lacked a valid basis for the exercise of personal
jurisdiction over appellee, therefore, the foreign judgment should not be
recognized in Texas.








1. Standard of Review

          Whether
a trial court has personal jurisdiction over a defendant is a question of law,
which we review de novo.  Am. Type Culture Collection, Inc. v. Coleman,
83 S.W.3d 801, 805B06 (Tex. 2002).  If the trial court makes
findings of fact, they are binding on the appellate court unless challenged on
appeal.  El Puerto De Liverpool, S.A. De C.V. v. Servi Mundo Llantero S.A.
De C.V., 82 S.W.3d 622, 628 (Tex. App.CCorpus Christi
2002, pet. dism'd w.o.j.).  In this case, the trial court made findings of fact
and conclusions of law which are part of the appellate record.  However, the
facts relevant to our analysis are uncontested.  Accordingly, we conduct a de
novo review of the trial court's order granting appellee's Special
Appearance.  See Am. Type Culture, 83 S.W.3d at 805B06.2. Analysis








Research reveals
no Texas case addressing whether a trial court in a Uniform Act proceeding must
exercise in personam jurisdiction over the judgment debtor in order to
recognize and enforce a foreign-country judgment.  However, courts in other
states have held that, although a judgment debtor may contest recognition by
arguing that the foreign-country court lacked personal jurisdiction over
the judgment debtor,[4] the judgment debtor may not assert
that the court of the state in which the judgment is filed does not have in
personam jurisdiction over the judgment debtor.  See Pure Fishing, Inc. v.
Silver Star Co., 202 F. Supp. 2d 905, 910 (N.D. Iowa 2002) (holding a party
seeking the recognition and enforcement of a foreign judgment under Iowa's
Uniform Foreign Money-Judgment Recognition Act is not required to establish a
basis for exercise of personal jurisdiction over the judgment debtor); Lenchyshyn
v. Pelko Elec., Inc., 281 A.D.2d 42, 46B48 (N.Y. App. Div.
2001) (holding, under New York's Uniform Foreign Money-Judgment Recognition
Act, a judgment debtor may not assert the American court lacks in personam
jurisdiction over the judgment debtor).  Furthermore, the Texas statue itself
contains no requirement of personal jurisdiction over the judgment debtor in
Texas.  See Tex. Civ. Prac. & Rem. Code Ann. ' 36.044(g)
(stating in a Chapter 36 proceeding, the court Amay not, under any
circumstances, review the foreign-country judgment in relation to any matter
not specified in Section 36.005@); id. ' 36.005 (listing
bases for nonrecognition of foreign-country judgment but not listing lack of in
personam jurisdiction over judgment debtor by Texas court in which the judgment
was filed).

Additionally, the
United States Constitution does not require in personam jurisdiction over the
judgment debtor in the state in which a foreign judgment is filed.  In Shaffer
v. Heitner, the Supreme Court stated once a court with jurisdiction over
the subject matter and the parties determines that one person is a debtor to
another, there should be no due process problem in the judgment creditor's
realizing upon the property of the judgment debtor in another state in which
the debtor has property but is not subject to in personam jurisdiction.  Shaffer
v. Heitner, 433 U.S. 186, 210 n.36, 97 S. Ct. 2569, 2583 n.36, 53 L. Ed. 2d
683 (1977).  While we recognize Shaffer deals with the recognition and
enforcement of sister-state judgments, we determine the same principle applies
to the recognition and enforcement of foreign-country money judgments.  See
Lenchyshyn, 281 A.D.2d at 48.








In this case, appellants properly followed
the requirements specified in the Uniform Act.  See Tex. Civ. Prac.
& Rem. Code Ann. '' 36.0041B.0043.  Appellee,
the judgment debtor, then filed a Motion for Nonrecognition, Asubject to@ the Special
Appearance.  When, as in this case, the judgment debtor files a timely Motion
for Nonrecognition, the trial court may grant the motion and refuse to
recognize the foreign-country judgment if the motion, affidavits, briefs, and
other evidence before the trial court establish grounds for nonrecognition as
specified in section 36.005 of the Uniform Act.  See id. ' 36.0044. However,
under the express language of the Uniform Act, the trial court may not, under
any circumstances, review the foreign-country judgment in relation to any
matter not specified in section 36.005.  See id. ' 36.0044(g). 
Under section 36.005, the trial court may refuse recognition of the
foreign-country judgment if the foreign-country court did not have
personal jurisdiction over the judgment debtor; however, it is not a ground for
nonrecognition that the Texas court lacks personal jurisdiction over the
judgment debtor in a Uniform Act proceeding.  See id. ' 36.005. 
Therefore, the proceeding is never one in which the trial court entertains
claims against the judgment debtor or in which the trial court exercises
personal jurisdiction over the judgment debtor.  See id. ' 36.001B.008; Lenchyshyn,
281 A.D.2d at 46B48.  

On rehearing, appellee argues the trial court must possess
personal jurisdiction over the judgment debtor or the judgment debtor must have
property in the state in order to enforce the foreign judgment.   Appellee
argues since appellants failed to present evidence that they have property in
Texas, the trial court must determine whether it has personal jurisdiction over
the judgment debtor before domesticating the judgment.   We disagree.

Appellee heavily relies on Electrolines, Inc. v.
Prudential Assurance Co., 677 N.W.2d 874 (Mich. Ct. App. 2003),  to support
its position.  In Electrolines, a Michigan court of appeals held in an
action brought to enforce a foreign judgment, the trial court must possess
jurisdiction over the judgment debtor or the judgment debtor=s property.  Id.
at 885.  The Michigan court cites to Lenchyshyn and states A[a]lthough the Lenchyshyn
court concluded that personal jurisdiction was not required, the Lenchyshyn
court acquired jurisdiction because the defendants had property in New York.@  Id. 
Ultimately, the Michigan court held the plaintiff was required to demonstrate
personal jurisdiction because the judgment debtor did not own property in
Michigan.  Id.  Appellee relies on this same logic and argues since it
did not have property in Texas, the trial court must determine personal
jurisdiction.

However, both the Michigan court and appellee fail
to mention additional language by the New York court in Lenchyshyn.  See
Lenchyshyn, 281 A.D.2d at 50.  Even though the defendants in Lenchyshyn
did have assets in New York, the court went on to say:








[E]ven if defendants do not presently have assets in New York,
plaintiffs nevertheless should be granted recognition of the foreign country
money judgment pursuant to CPLR article 53 [New York=s version of the Uniform Foreign
Country Money-Judgment Recognition Act], and thereby should have the
opportunity to pursue all such enforcement steps in futuro, whenever it
might appear that defendants are maintaining assets in New York, including at
any time during the initial life of the domesticated Ontario money judgment or
any subsequent renewal period.

Id.  We agree with
the New York case and conclude even if a judgment debtor does not currently
have property in Texas, a judgment creditor should be allowed the opportunity
to obtain recognition of his foreign-money judgment and later pursue
enforcement if or when the judgment debtor appears to be maintaining assets in
Texas. 

Furthermore, the plain language of the Uniform Act does not
require the judgment debtor to maintain property in the state in order for that
state to recognize a foreign-money judgment.  Section 36.005 provides a list of
specific reasons why the trial court may refuse recognition of the
foreign-country judgment; however, lack of property in the state is not a
ground for nonrecognition.  See Tex. Civ. Prac. & Rem. Code Ann. ' 36.044(g)
(stating that in a Chapter 36 proceeding, the court Amay not, under any
circumstances, review the foreign country judgment in relation to any matter
not specified in Section 36.005@); id. ' 36.005 (listing
bases for nonrecognition of foreign-country judgment but not listing a lack of
property in Texas).  We conclude a trial court does not have to possess
jurisdiction over the judgment debtor or the judgment debtor=s property in
order to rule on a motion for nonrecognition under the Uniform Act

Accordingly, we hold the trial court erred in considering
the issue of personal jurisdiction and in granting appellee's Special
Appearance. Instead, according to the procedures in the Uniform Act, the trial
court should address appellee's Motion for Nonrecognition.  See id.
' 36.0044. 

 

 










CONCLUSION

          For the
reasons stated above, we reverse and remand for further proceedings consistent
with this opinion.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Substitute Opinion filed April 24, 2008.

Panel consists of
Justices Anderson, Fowler, and Frost.









[1]  Diamond Offshore Drilling (Netherlands) B.V., was
also named as judgment debtor in the Dutch judgments.





[2]  Chapter 36 of the Texas Civil Practice and Remedies Code is Texas's
version of the Uniform Foreign Country Money-Judgment Recognition Act.  We
will refer to this portion of the Code as the AUniform Act.  See Tex. Civ. Prac. & Rem.
Code Ann. ' 36.003.  





[3]  Quinn died on February 19, 2004, and Susan Elisabeth Haaksman
was properly substituted as a party.





[4]  In its Motion for Nonrecognition in this case, appellee has asserted,
among other things, that the Dutch court lacked personal jurisdiction over
appellee.